1 | of section 1341, 1343, 1344, or 1348, any rule or
2 | regulation of the Securities and Exchange Commission, or
any provision of Federal law relating to fraud against
3 | shareholders. Sarbanes-Oxley Act § 806(a).

4 | The reference in the statute to "section 1341, 1343, 1344,
or 1348" refers to Title 18 of the United States Code,
5 | which addresses Obstruction of Justice, Mail Fraud; Wire,
Radio or Television Fraud; Bank Fraud; and Securities
6 | Fraud.

7 | AUTHORITY:

8 | (Sub.6 pg. 12: *The Whistleblower Provisions of the
*Sarbanes-Oxley Act of 2002* by George R. Salem and Laura M.
9 | Franze Attachment-1, Exhibit-K)

10 |

11 | AGAIN, AND FOR THE LAST TIME, THE LOGIC BEHIND THE THEN 90-

12 | DAY STATUTE OF LIMITATION OF AIR-21 AND THE SOX IS MERELY

13 | TO ESTABLISH THE VERITY THAT WHISTLEBLOWER RETALIATION

14 | INDEED EXISTED (an Investigation; which Passed In

15 | Plaintiff's Favor in two separate courts: Superior

16 | (Williams v. Walton) and Appellate Williams v. UAL);

17 | notwithstanding whether OSHA was involved or not (Not a

18 | point of Contention at all; as there is a guarantee of a

19 | Private Right of Action at any time for a Plaintiff—SOX and

20 | 28 USC 959(a)); See: Attachment-1 Exhibit-E pgs. 10-14, and

21 | 65 and Exhibit-A of Exhibit-F and Exhibit-U.) NOT TO QUASH

22 | A CASE AFTERWARD, AS AGAIN, **PROVEN**, TRUTHFUL PROTECTED

23 | SPEECH (Bill of Rights) IS FUNDAMENTAL AND IN RESULT

24 | INVIOLABLE UNDER ANY DOCTRINE, PROVISION, LAW OR CODE WHICH

25 | SERVES TO QUASH, INTERPOSE, DEFLATE OR DEFEAT IT THEREOF 18

USC §1514A(d)/(e)/(1)). THIS IS A CONSTITUTIONAL MATTER

WHICH ONLY THE PEOPLE, THE CONGRESS OR SUPREME COURT CAN

1  DECIDE; AND ACCORDINGLY, ANY PERSON, CORPORATION,

2  ADMINISTRATIVE OR LAW ENFORCEMENT AGENCY OR JUDGE WHO

3  ARGUES THE CONTRARY IS CLEARLY WARRING AGAINST THE

4  CONSTITUTION AND IN RESULT EXCEEDING HIS OR HER LAWFUL

5  JURISDICTION. IT HAS BEEN THIS WAY SINCE AUGUST OF 2007:

6

7    The Very Essence of Amended Rule 60(b)(4) is As Follows:

8  *"Whenever a person or judge acts where he / she does not*

9  *have jurisdiction to act, the person or judge is engaged in*

10 *an act or acts of treason.* U.S. v. Will, 449 U.S. 200, 216,

11 101 S. Ct. 471, 66 L.Ed.2d 392, 406 (1980); Cohens v.

12 Virginia, 19 U.S. (6 Wheat) 264, 404, 5 L. Ed 257 (1821).

13 *Under Federal law which is applicable to all states, the*

14 *U.S. Supreme Court stated that if a court is: "without*

15 *authority, its judgments and orders are regarded as*

16 *nullities. They are not voidable, but simply void; and form*

17 *no bar to a recovery sought, even prior to a reversal in*

18 *opposition to them. They constitute no justification; and*

19 *all persons [Including the Dept. of Labor and Court Clerks]*

20 *concerned in executing such judgments or sentences, are*

21 *considered, in law, as trespassers."* Elliot v. Piersol, 1

22 Pet. 328, 340, 26 U.S.

23

24 *"When a statutory classification significantly interferes*

25 *with the exercise of a fundamental right, it cannot be*

   *upheld unless it is supported by sufficiently important*

   *state interests and is closely tailored to effectuate only*

1 *those interests.* Saluki v. Redhail, 434 U.S. 374, 389
2 (1978).

3

4 EVEN BEYOND THIS, JURISPRUDENCE DEMANDS THAT REVIEWERS
5 APPROACH THESE MATTERS CONCERNING TIMELINESS AND MIXED
6 QUESTIONS OF LAW, INCLUDING CORPORATE BANKRUPTCY LAW FROM A
7 STANDPOINT OF **BALANCE OF HARMS, FAIRNESS, SITUATION AND THE**
8 **FOUNDATIONS OF EQUITY; (Title IX)** IF MERELY TO ESTABLISH
9 THE JUDICIAL REQUIREMENT OF IMPARTIALITY. ANY OTHER RESOLVE
10 WOULD BE AN ABUSE OF DISCRETION AND AGAIN RIPE FOR A RULING
11 TO THE CONTRARY UNDER  60 (b)(4) AND CIVIL RICO; i.e.: *"Why*
12 *are they doing this?".* See: SOX 1107, 29 CFR § 1977.18(c),
13 29 CFR § 1977.10(a), Title VII of the Civil Rights Act of
14 1964, Title IX of the U.S. CONSTITUTION. *James Brothers Co.*
15 *v. Union Banking and Trust Co. of Dubois, 432 Pa. 129, 247*
16 *A2d 587 (1968). Bankruptcy Court 02-B-48191 (Nazir vs.*
17 *United Airlines April 24, 2008).*

18

19 *Jackson v. Birmingham Board of Education*: A male coach of a
20 girls' high school basketball team alleged that his
21 employment had been terminated in retaliation for his
22 complaints that the girls' team was underfunded in
23 violation of Title IX. **Acknowledging that Title IX itself**
24 **did not contain a provision forbidding retaliation, the**
25 **Court implied a private right of action for retaliation.**
**The Court stated: "Reporting incidents of discrimination is**
**integral to Title IX enforcement and would be discouraged**

17

1  <u>if retaliation against those who report went unpunished.</u>

2  <u>Indeed, if retaliation were not prohibited, Title IX's</u>

3  <u>enforcement scheme would unravel.</u>

4  In the pursuit of Justice under RICO, Substance prevails

5  over Form.

6

7  4. The primary cause of this Action is a widespread

8  criminal enterprise (Pressed by United Airlines, Inc.)

9  engaged in a pattern of racketeering activity across state

10  lines, and a conspiracy to engage in racketeering activity

11  involving numerous RICO predicate acts including violations

12  of Civil Rights, during the past nine (9) calendar years.

13  <u>It is well established under Title VII of the Civil Rights</u>

14  <u>Act of 1964 that a retaliation claim may go forward even if</u>

15  <u>the underlying protected act is determined to be faulty.</u>

16

17  The predicate acts alleged here revolve around criminal

18  tampering with and retaliation against a qualified Federal

19  Witness (Airline Safety of Flight), Civil Rights Violations

20  and Obstruction of Justice. Other RICO predicate acts,

21  although appearing to be isolated events, were actually

22  part of the overall conspiracy and pattern of racketeering

23  activity alleged herein, e.g. court fixing, mail and wire

24  fraud and "Bivens" Actions. See: <u>18 U.S.C. § 1341.</u>

25

The primary objective of the racketeering enterprise has

been to inflict severe and sustained economic and emotional

18

1  hardship upon Plaintiff and his wife, with the intent of

2  impairing, obstructing, preventing and discouraging

3  Plaintiff and other Whistleblowers from just restitution

4  and justice of a wrong clearly and admittedly committed by

5  others (RICO section 1503). A vicious [systemic] even worse

6  crime, though there is no handgun involved nor blood on the

7  pavement. Indeed United Airlines itself has repeatedly

8  stated its endorsement of Freedom of Speech and Reporting

9  of all Airworthiness Safety Violations. So then; where did

10  the problems arise?

11

12  In this endeavor before this honorable Superior Court this

13  Plaintiff has no viable course but to conduct, to the best

14  of his financial ability and legal expertise, judicial

15  activism as a Limited Private Attorney General ex rel for

16  himself, the State, the United States, and the continued

17  necessity of Safety of Flight Airline Accountability, and

18  the Public at Large—in effect, his Civic Duty (Dasher v.

19  Housing Authority of City of Atlanta). Here it is important

20  to note that engaging in a criminal enterprise under CIVIL

21  RICO 1503 / 1962(a), Judicial Immunity under 12(b) does not

22  apply; as these individuals are being brought to justice in

23  their personal capacities, each and all of them by a

24  Private Attorney General representing the United States, as

25  provided for in the Clayton Act. Since a RICO Civil Action

   is predicated on criminal activity, judges, elected

   officials, political appointees and bureaucrats are not

1  allowed to use public funds to pay for their defense(s).

2  They will all have to use their own money.

3

4  This Plaintiff knows, of course, that he, she, or it will

5  never have to prove beyond a reasonable doubt that the

6  Defendant(s) have / has committed any such act(s) (See:

7  Sedima, 473 U.S. at 499-500). A civil burden of proof would

8  apply. Indeed, in order to make the allegation(s) whole and

9  have the desired effect, the allegation need not meet even

10  that burden, but only the liberal standards of Rule

11  12(b)(6) that the allegations of the complaint state a

12  claim for relief. In fact, to achieve the genuinely desired

13  effect, Plaintiff need only satisfy his personal standards

14  as to the application of Rule 11 of the Civil Rules of

15  Procedure that to the best of his: "knowledge, information,

16  and belief formed after reasonable inquiry (9 years), it is

17  well grounded in fact and is warranted by existing law or a

18  good faith argument for the extension, modification, or

19  reversal of existing law and that it is not interposed for

20  any improper purpose" (See: FED. R. Civ. P. 11).

21  In the pursuit of Justice under RICO, Substance prevails

22  over Form.

23

24                    **(B) JURISDICTION**

25

This honorable Superior Court has Original Jurisdiction

pursuant to the Civil RICO remedies at 18 U.S.C. 1964, and

20

1  the holdings of the U.S. Supreme Court in Tafflin v.

2  Levitt, 493 U.S. 455 (1990), and the U.S. Court of Appeals

3  for the Ninth Circuit in Lou v. Belzberg, 834 F.2d 730, hn.

4  4 (9th Cir. 1987) (California State and U.S. Federal Courts

5  have concurrent jurisdiction of Civil RICO Claims).

6

7                    (C) PROCEDURAL HISTORY

8

9  1. On September 8, 2004 A.D., Plaintiff filed a federal

10 lawsuit in the District Court of the United States for the

11 Northern Judicial District of California ("DCUS") in

12 Oakland, alleging four separate counts:

13 **(1) RETALIATORY DISCRIMINATION**
       **(Whistleblower Statutes);**

14
15 **(2) INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS;**
   **(3)      FRAUD**
          **(Intentional Misrepresentation);**
16
17 **(4)      FRAUD**
       **(Negligent Misrepresentation).**

18

19 This Case—C 04 3787 CW was eventually dismissed by District

20 Court Judge Claudia Wilken merely on the stated word by

21 United Airlines that Plaintiff was fired not for

22 "Whistleblowing to the FAA", but for: "…A History of Bad

23 Behavior and an Assault on Plaintiff's Committeeman"

24 Exhibit-U of Attachment-1), a certain Javier Lectora, even

25 though Plaintiff possessed a legal document and the Labor

   Laws of Arbitration to the contrary. At no time did anyone

   from Plaintiff's Union, the IAM step forward or issued

21

1   papers in Plaintiff's defense, as was their lawful duty;

2   making the IAM culpable in whole and part.

3

4   2. In Appellate Court, Plaintiff issued papers proving that

5   he did not assault anyone on May 8, 2003. Witness for the

6   Defense, a certain Robert John Walton admitted in

7   California Superior Court that he had indeed lied on an

8   issued Sheriff's Report of the incident of May 8, 2003. And

9   that Lectora had indeed initiated the assault as he was

10  instructed to do by United Management (Why else would

11  Lectora risk his job by starting a fight?)

12  9th Cir. Appl. No. 05-17072 Williams vs. UAL et. al.

13  Williams vs. Walton Cal. Sup. RG-05235382 November, 2005

14

15  In its findings, Appellate Court judges Eugene E. Siler, M.

16  Margaret McKeown and Carlos T. Bey (after stated ex-parte

17  communications with United Airlines, wherein Plaintiff was

18  not a party to) introduced an unexpected, **new** (and illegal)

19  one-sided Dispositive Defense of adverse jurisdiction sua-

20  sponte—in effect: Treason by a High Court. (See: "Bivens"

21  infra; See also: Exhibit-F of Attachment-1).

22

23  3. In anticipation of probable obstruction by federal

24  officers and employees of the United States District Court

25  in Oakland ("USDC"), and the 9th Circuit Court of Appeals;

    (A Petition for a Writ of Prohibition vs. District Court

    Judge Claudia Wilken (See: Exhibit-B) Plaintiff reserves

                                                              22

COUNT FIVE, Pursuant to SOX 806(d) Civil RICO for adjudication by this Superior Court of California. This action is Count Five, in effect. The Obstruction anticipated by Plaintiff has already started in the Rule 60(b) federal case, in part by impersonation of Article III federal judges in violation of 18 U.S.C. 912 (a federal felony) and of numerous Ninth Circuit precedents.

As such, federal officers and employees are now among the probable causes that threaten further continuation of the severe economic hardship and other unmitigated wrongs described above. It is also apparent to Plaintiff, who hereby makes this filing a formal offer to prove, that the Instant Action should not be removed into the Article III DCUS because the DCUS is presently vacant, nor should it **ever** be removed into the Article III USDC because of demonstrable bias and prejudice among officers and employees therein.

## (D) STRUCTURE AND INCORPORATION OF PRIOR PLEADINGS AND EXHIBITS

Exhibits in the federal case supra are organized by upper-case letters and numbers, i.e. Exhibit A is Plaintiff's Original FAC; filed on September 8, 2004.

Exhibit-B infra. Plaintiff's denied Motion for Recusal v. District Court Judge Claudia Wilken (Second Predicate Act and The Germinator of this Action (The Clayton Act § 15b; the "Injury and Pattern Discovery Rule" of RICO)).

23

1

2  Exhibit-C *infra*. Entered new Evidence (An <u>Unsigned and
   Dated (Illegal)</u> Level-5 Disciplinary Report (UAL—Second
3  Predicate Act).

4  <u>Exhibit-D</u> *infra*. Plaintiff's Petition to the 9th Circuit for
   Reconsideration Pursuant to Title IV of the U.S.
5  Constitution—Denied (Second Predicate Act).

6

7  <u>Exhibit-E</u> *infra*. Rule 60(b) DCUS Filing including <u>EXHIBIT-E
   pg, 66</u> infra. Administrative Law Judge Gerald Etchingham:
8  <u>Substantive Justice (Freedom of Speech and SOX 806(d))
   Statute Nullification (Treason)</u>. Attachment-1 U.S.
9  Attorney's Office (Cross-Petition; Current).

10 <u>Exhibit-F</u> *infra*. Plaintiff's Petition for a Hearing *en-banc*
   and Denial re: 9th Circuit Case No: No. 05-17072 USDC No.:
11 <u>CV-04-03787-CW</u>—Second Exhibit-D Attachment-1 Exhibit-B-
   Attachment-1-Exhibit-A (pgs. 42-62): (Third, Forth and
12 Final Predicate Acts).

13 <u>Exhibit-F (Attachment-1 Exhibit-C)</u> infra. A Supplement of
   Exhibit-F *"Playing God";* a Legal Thesis and Authority by
14 Milani-Smith.

15 <u>EXHIBIT-G</u> Plaintiff's Opening Statement to the
16 Administrative Review Board, USDOL—Denial. Rehearing under
   OSHA Tolling Statutes of Justice—Denied. Perjury. (First,
17 Second, Third, Fourth and Final Predicate Acts.)

18 <u>Attachment-A</u> This Complete Filing.

19 <u>Attachment-B</u> Plaintiff's Motion For a Preliminary
   Injunction.
20

21 This honorable Court is encouraged to use computers

22 utilizing Adobe Acrobat Reader® to access all pleadings and

23 electronic evidence supplied in attached CD-rom

24 (Attachment-1) as released Shareware. Plaintiff now

25 formally incorporates Exhibits A thru V by reference, as if

   all were set forth fully herein. Plaintiff now recommends

   that the Court branch at this point review the following

24

1  Exhibits: A thru S. These Exhibits correspond to

2  Plaintiff's FEDERAL COMPLAINTS, and His FIRST, SECOND,

3  THIRD, FOURTH and FIFTH SUPPLEMENTS, respectively.

4

5          (E) PARTIAL LIST OF RICO PREDICATE ACTS

6

7  • Obstruction of Justice,

8  • Denial of access to courts,

9  • Denial of both procedural and substantive due process,

10 • Judgments absent "subject matter jurisdiction,"

11 • Abuse of pro se / pro per litigants through Unwarranted

12   Hatred, Perjury, Statute Nullification, Judicial

13   Discrimination or Civil Rights Abuses,

14 • Ignoring U.S. Supreme Court Rulings,

15 • Ignoring precedents,

16 • Suborning perjury,

17 • Fraud on the Court by the Court,

18 • Mail fraud,

19 • Wire fraud,

20 • Dereliction of Duty,

21 • "Bivens" Actions

22

23 Particular attention of this honorable Court is now drawn

24 to Exhibits A, B, C, D, E and F.

25

   Exhibit B is particularly relevant to the Instant Case,

   because it elevates a denial of recusal by the District

1  Court to the status of a RICO predicate act; and Judge

2  Wilken cites unsupported personal reasons for so doing. The

3  legal implications of the District Court's failure to

4  recuse is obvious, and so warned in the context of other

5  applicable Canons, case and federal law, reasonably

6  articulated in Exhibit-B; and *infra*, and is the primary

7  germinator of this Instant Case (See: Stat. Limits: The

8  Clayton Act § 15b See also: Predicate Acts and The Injury

9  and Pattern Discovery Rule of Civil RICO)).

10

11  Judge Wilken and District Court Clerk Superior Richard W.

12  Wieking have illustrated by their actions an indisputable

13  pattern of fact and docket fraud in order to obstruct

14  pleadings and hush laws and pertinent statutes which

15  involve the prosecution of *Respondeat Superior* United

16  Airlines for the third time (Third Predicate Act), and deny

17  Plaintiff his Seventh Amendment Right to a jury trial, thus

18  violating Plaintiff's First Amendment Right to petition his

19  government for redress of grievances.

20

21  In a Rule 60(b) Equity Case claiming Frauds on the Court by

22  the Court, the Canon and Law is specific: 28 U.S.C. § 47

23  provides that: "No judge shall hear or determine an appeal

24  from the decision of a case or issue tried by him."

25     -There is nothing known worst than an arrogant judge.
       Arrogance places a judge's feelings, thoughts and
     prejudices way above the Court and the Law. And deeper
     still, this same arrogance will not allow the judge to
                         recognize it-

1

2   In this Order (4/13/12 Attachment-1; Exhibit-B of Exhibit-

3   B), Claudia Wilken arrogantly and callously infers the

4   following for the sole sake of defending United Airlines:

5   [Her own] lying, unwarranted hatred, Judicial Abuse and

6   Civil Rights Violations are justified in her courtroom so

7   long as her oppression is "reviewable otherwise" i.e.:

8   there are "others above" who can correct her willing

9   injustice. These "others above" did operate in the 9th

10  Circuit Court as "Judges" Siler Bey and McKeown—who did not

11  at all correct Wilken's injustice of 2005, but instead,

12  heightened this abuse to a whole different level by

13  shifting the issue from Wilken's personal (extra judicial)

14  machinations over the year-long duration of Plaintiff's

15  FAC, to another boldfaced lie that Plaintiff's

16  Whistleblower case had no legal standing whatsoever in

17  District Court; even though SOX 806(d) and the Equity Rules

18  of Corporate Bankruptcy Law (28 USC 959(a)) clearly and

19  fully authorize this approach; the latter (controlling)

20  statute, at any time during Chapt.-11 Pendency. These

21  judges, not should have, but knew this.

22

23  Exhibit-C: ("Entered New Evidence") IS AN UNSIGNED AND

24  DATED LEVEL-5 DISCIPLINARY REPORT WHICH VOIDS ALL DECISIONS

25  OF THE PAST NINE (9) YEARS AS OUTRIGHT FRAUD. RESPONDEAT

    SUPERIOR UNITED AIRLINES NEVER FORMALLY NOR LEGALLY

    COMMUNICATED TO PLAINTIFF HIS TERMINATION—AN OPEN-ENDED

27

1   SITUATION. AS STATED IN THE CONTEXT OF EXHIBIT-C, UNTIL

2   THIS LEVEL-5 IS SIGNED AND DATED BY UNITED MANAGEMENT,

3   PLAINTIFF STILL WORKS FOR THIS COMPANY AND IS ENTITLED TO

4   *IMMEDIATE* REINSTATEMENT—A Preliminary Injunction—Regardless

5   of the protests and further legal or other actions of

6   United Airlines, which are groundless without *initially*

7   generating the proper paperwork—*AND* SUMMARY JUDGMENT AS A

8   MATTER OF LAW. THIS SINGLE DOCUMENT (No Small Matter) WAS

9   *PURPOSELY* AVOIDED BY ALL REVIEWERS FOR THE PAST NINE (9)

10  YEARS AND IS A SUBSET OF THOSE DOCUMENTED RETALIATIONS

11  WHICH ALSO QUALIFY AS ONE OR MORE OF THE BIVENS AND RICO

12  PREDICATE ACTS THAT ARE ITEMIZED AT 18 U.S.C. §§

13  1961(1)(B),(1)(D), AND (5) AND 18 USC (SOX) §

14  1514A(d)(e)(1).

15

16  **EXHIBIT-D:** THE FINAL NINTH CIRCUIT COMPLETE FILING: Wherein

17  the Ninth Circuit Court refused a rehearing of case

18  pursuant to Title IV of the Civil Rights Code, said refusal

19  thus nullifying this Decision and Order which to this day

20  remains unpublished that there can be no on-record legal

21  analysis:

22       See: "BIVENS ACTIONS," JUDICIAL DISCRIMINATION and
                        MISCONDUCT
23          (In Brief (*in. re.* Exhibits-B and D))

24

25  Federal employees may become personally liable for
    constitutional deprivation by direct participation, failure
    to remedy wrongs after learning about them, creation of a
    policy or custom under which constitutional violations

28

occur, or gross negligence in managing subordinates who
cause such violations.

*(Gallegos v. Haggerty*, Northern District of New York, 689
F.Supp. 93)

Although certain federal officials have absolute immunity
from private suit, most executive officials (judges) enjoy
only qualified immunity. The rationale for the distinction
is that higher officials require greater liability than
officials with less complex and discretionary
responsibilities. *Hatori v. Haya*, 751 F.Supp. 1401.

When lawsuits are brought against federal officials, they
must be brought against them in their "individual" capacity
not their official capacity. The theory appears to be that
when federal officials perpetrate constitutional torts,
they do so *ultra vires* and lose the shield of Sovereign
Immunity. *Williamson v. U.S. Department of Agriculture*, 815
F.2d. 369, *ACLU Foundation v. Barr*, 952 F.2d. 457, 293 U.S.
App. DC 101, (CA DC 1991).

The words of Justice Louis Brandeis however, offer another
view:
*"Decency, security and liberty alike demand that government*
*officials shall be subjected to the rules of conduct that*
*are commands to the citizen. In a government of laws,*
*existence of the government will be imperiled if it fails*
*to observe the law scrupulously. Our government is the*
*potent, omnipresent teacher. For good or for ill, it*
*teaches the whole people by its example. Crime is*
*contagious. If the government becomes a lawbreaker, it*
*breeds contempt for the law. It invites every man to come a*

29

1   *law unto himself. It invites anarchy. (United States v.*

2   *Olmstead, 277 U.S. 438 (1928)).*

3

4   *"While a Judge performing Judicial functions may enjoy*
    *Immunity, denial of constitutional and civil rights are*

5   *absolutely not a judicial function and conflicts with any*

6   *definition of a judicial function.*

7

8   *...Response to denials were Motions to reinstate using the*
    *Constitutional Articles as a major Guide, along with the*

9   *Judges Oath of Office, and Canons of Judicial Code of*

10  *Conduct...The responses also included page after page of case*

11  *law where both appellate courts and the Supreme Court did*

12  *hold judges accountable when their knowing and willing*
    *actions fell outside the boundaries of their job*

13  *description(s). That failure to follow simple guidelines of*

14  *their post makes a judge's action(s) no longer a Judicial*

15  *act but an Individual act, as the act represents their own*

16  *prejudices and goals. Case Law also states that when a*
    *judge acts as a trespasser of the law, when a judge does*

17  *not follow the law, he then loses subject matter*

18  *jurisdiction and the Judges orders are void, of no legal*

19  *force or affect."*

20      (See: Attachment-1, Exhibit-B "Ninth Circuit Filing..." See
        also: Exhibit-D and F: "Final Ninth Circuit...Rehearing en-

21                          banc Respectively.")

22  *In a limited government, a government limited by the*
    *Constitution, the violation of a citizens rights should*

23  *never be justified due to the overriding government goals*

24  *or objectives, and that no branch of the government be*

25  *allowed to extend it's power beyond it's legal limits. The*
    *above issues are one of the outstanding reasons why the*
    *framers of the Constitution installed Trial by Jury as the*

*Seventh Amendment. In a government of the people it is a threat to our way of life to allow Government actors to ignore the guidelines that define their power.*

   -See: *"A Bivens Action; A Type Of Federal Civil Rights Lawsuit"*

AUTHORITY:

Bivens v. Six Unknown Narcotics Agents 403 U.S. 388 (1971)
By David C. Grossack, Constitutional Attorney
Common Law Copyright © 1994-
http://caught.net/prose/bivens.htm

**Attachment-1, EXHIBIT-E Attachment-1 and Supplements (pgs. 177-201):** Plaintiff's current case in DCUS; Illegally closed by Claudia Wilken on May 1, 2012 with a known outstanding Writ of Prohibition still pending in the 9th Circuit Court of Appeals against her (A Felony Act). This makes Wilken's May 1 Order Null and Void under the Penal Code and no barrier to restitution whatsoever.

**EXHIBIT-F and Supplement:** Plaintiff's Motion for a Rehearing *en-banc;* Denied by judges Siler, Bey and McKeown. Null and Void under the Due Process Clause of the U.S. Constitution *(Supra).*

**EXHIBIT-G:** Plaintiff's (Complainant's) Opening Statement to the Administrative Review Board; (USDOL); the ARB's Decision Null and Void as it forecloses on the First Amendment of the Constitution i.e. Freedom of Speech;

31

1   already established by the Ninth Circuit on August 31, 2007

2   *supra*.

3

4   Whatever disputes may arise about pinpointing the moment a

5   plaintiff should have discovered an injury to himself would

6   be dwarfed by the controversy inherent in divining when a

7   plaintiff should have discovered a racketeering pattern

8   that might well be complex, concealed or fraudulent, and

9   involve harm to parties wholly unrelated to an injured

10  plaintiff: See Exhibit-I(Former UAL pilot and 777 Captain

11  Dan Hanley's Report.) See: Hafer vs. UAL The shameless harm

12  in both these cases stems from the Justice's Department's

13  silent inaction, and the airtight and illegal collusion

14  between the Labor Department and the Courts, lorded over in

15  these instances by none other than United Airlines; for

16  instance, there was NO REASON for the Airline Pilot's

17  Association or the Dept. of Labor to refuse these

18  Whistleblowers (both White Males) deserved justice as there

19  are clearly Waver Provisions under the Civil Rights Act and

20  Whistleblower Statutes to allow both these deserving men

21  their just due. Particularly tragic is the fact that both

22  had no bearing whatsoever in United's choice to file for

23  Chapt.-11 Bankruptcy Protection in early December of 2002.

24  **All** employment retaliations **invariably** involve Civil Rights

25  Violations on the highest scale.

These are clearly OSHA-Administrative and Title-III-based cases which are by the actions and non-actions of these venues alleged herein, makes them all utterly void under Civil RICO, The Due Process Clause, Title IX, Title-VII and the SOX, no matter how long ago they occurred. Moreover, further acts and events occurring after May 1, 2012 also qualify as RICO predicate acts that constitute further probable causes for all relief requested *infra*. For example, Plaintiff herein alleges that Obstruction of Justice did in fact occur whenever Plaintiff was deprived of specific relief from the Federal District Court in Oakland, California, the 9th Circuit Court of Appeals and U.S. Attorney's Office in San Francisco, and The Dept. of Labor; since each has offered a different Defense for the same Defendant; neither of which should have offered a *Defense* at all for either side. Here again is where the U.S. Attorney's position of April 5, 2012 does not apply; and here again is where all of these disparate Orders are, out the door, Null and Void under The Due Process Clause and Civil RICO:

1. The District Court (Sept. 8, 2004): A First Defense of Bad Behavior, Assault and Battery (Verbal Allegations Only).

2. The Ninth Circuit Court (August 31 2007): A New Defense of Adverse Jurisdiction. The District Court's "Defense" of Bad Behavior, Assault and Battery Summarily Dropped By United Airlines, clearly establishing Whistleblower Retaliation, i.e. Freedom of Speech under the Constitution. This wins Plaintiff's Case under all

33

applicable Statutes of Equity and Right; including Civil
RICO.

3. The Labor Department (February 26, 2008): A New
Defense of Statute Limitations; Void under Civil RICO,
SOX 806(d), the Labor Department's own Case Law during
Airline Chapter-11 Restructuring, the Equity Clauses and
Related Rules of Chapt.-11, and The First Amendment of
the Constitution, since Freedom of Speech has already
been established, months before on (Aug. 31, 2007).

4. The U.S. Attorney's Office (April 5, 2012): A New
Defense of Res Judicata. Void under all rules of
Procedure and Justice, so long as a Litigant faces
Shifting Defenses (Abuse of Process) from the other side,
and this same Litigant never receives Due Process of Law
in an Impartial Forum; and the case is now governed by
Civil RICO and the Bill of Rights.

                    (citations omitted)


Plaintiff now testifies that the partial list of acts and

events now documented in Attachment-1 Exhibits A, B, C, D,

E, F and G constitute probable cause for granting all

relief requested infra in this INSTANT COMPLAINT and

attached Motion for Preliminary Injunction (Return to

Work):


                        COUNT ONE:

Acquisition and Maintenance of an Interest in and Control

  of an Enterprise Engaged in a Pattern of Racketeering

                         Activity


Under 18 U.S.C. §§ 1961(5), 1962(b) 18 USC § 1514A(d)(e)(1)

and 18 USC 73 § 1513(e)(f) Plaintiff now re-alleges each

and every allegation as set forth above, and hereby

34