**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ANTHONY L. WILLIAMS<br><br>    Plaintiff,<br><br>    vs.<br><br>UAL, INC., GLENN F. TILTON, WILLIAM (RON) KING; SAMUEL "SAM" RAWLS; MICHAEL CONAGHAN; CHRIS CARRICK; THE INTERNATIONAL ASSOCIATION OF MACHINISTS AND AEROSPACE WORKERS ("THE IAM"); R. THOMAS BUFFENBARGER; RICH DELANEY; ROBERT ROACH JR.; WILLIAM MICHAEL FITZPATRICK; JAVIER LECTORA; ROBERT JOHN WALTON; JAMES S. WARE; CLAUDIA WILKEN; RICHARD W. WIEKING; ALEX KOZINSKI; EUGENE E. SILER; CARLOS T. BEY; M. MARGARET MCKEOWN; SIDNEY R. THOMAS; BARRY G. SILVERMAN; RICHARD R. CLIFTON, SIDNEY R. THOMAS; CONSUELO M. CALLAHAN; MARY H. MURGUIA; HILDA SOLIS; WAYNE C. BEYER; OLIVER M. TRANSUE; PAUL IGASAKI; E COOPER BROWN; GERALD ETCHINGHAM; DOES 31-50,<br><br>    Defendants. | **Case No.: 12-CV-3781 YGR**<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO REMAND AND ORDER RE: PENDING MOTIONS TO DISMISS** |

Defendants Chief Judge James S. Ware; Judge Claudia Wilken; Clerk of the Court Richard W. Wieking; Chief Appellate Judge Alex Kozinski; Judge Eugene E. Siler; Judge Carlos T. Bey [sic]; Judge M. Margaret McKeown; Judge Sidney R. Thomas; Judge Barry G. Silverman; Judge

Richard R. Clifton, Judge Sidney R. Thomas; Judge Consuelo M. Callahan; Judge Mary H. Murguia; Secretary of Labor Hilda Solis; and Administrative Law Judges Wayne C. Beyer, Oliver M. Transue, Paul Igasaki, E. Cooper Brown and Gerald Etchingham ("Federal Defendants") removed this matter from the Superior Court for the State of California, County of Alameda, by Notice of Removal ("NOR") filed July 18, 2012. (Dkt. 1.) Federal Defendants removed the matter pursuant to 28 U.S.C. §1442(a)(3) on the grounds that it is a civil action against officers of the courts and agencies of the United States relating to acts under color of office or in performance of their duties. The Notice also cited to 28 U.S.C. §1331 on the grounds that the action arises under the Constitution, laws or treaties of the United States.

The Federal Defendants have filed a motion to dismiss, as have Defendant UAL, Inc., ("UAL") and Defendants the International Association of Machinists and Aerospace Workers, R. Thomas Buffenbarger, Rich Delaney, and Robert Roach Jr. (collectively "IAM"). (Dkt. Nos. 11, 6, and 14, respectively.) Plaintiff has filed a Motion for Case Remand Bank to the Superior Court of California, Dept. 510. (Dkt. No. 28.)[1]

For the reasons set forth below, Plaintiff's Motion for Remand is **DENIED**. Plaintiff has not filed an opposition to any of the pending motions to dismiss. Therefore, the Court sets forth a further briefing schedule on the motions to dismiss and **VACATES** the September 18, 2012, hearing date.

I.   **Motion to Remand**

A defendant may remove a civil action filed in state court to federal district court so long as the district court could have exercised original jurisdiction over the matter. 28 U.S.C. § 1441(a). If at any time before judgment it appears that the district court lacks subject matter jurisdiction over a case previously removed from the state court, the case must be remanded. 28 U.S.C. § 1447(c). On

a motion to remand, the scope of the removal statute must be strictly construed. *See Gaus v. Miles, Inc.,* 980 F.2d 564, 566 (9th Cir.1992). "The 'strong presumption' against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." *Id.* (internal citation omitted). Courts should resolve doubts as to removability in favor of remanding the case to state court. *Id; Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003). Ordinarily, federal question jurisdiction is determined by examining the face of the plaintiff's properly pleaded complaint. *Caterpillar Inc. v. Williams,* 482 U.S. 386, 392 (1987).

In this case, Plaintiff has sued the Federal Defendants for their official actions. The United States appropriately sought removal of the action to federal district court pursuant to 28 U.S.C. § 1442(a). Section 1442(a) authorizes the removal of a civil action commenced in state court against the United States, any agency thereof, or any officer or person acting under an officer of the United States or of any agency thereof, when such a defendant is sued in an official or individual capacity for any act under color of law. *Id.* The U.S. Supreme Court has made clear that "the right of removal is absolute for conduct performed under color of federal office," and the policy favoring removal on these grounds must not be frustrated by a narrow interpretation. *Arizona v. Manypenny*, 451 U.S. 232, 242 (1981).

In addition, the removal here is also appropriate under 28 U.S.C. § 1331 because the face of the complaint reveals that the action arises under federal statutes. Plaintiff alleges claims under the Racketeering Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1961, as well as Section 1107 of the Sarbanes-Oxley ("SOX") law codified at 18 U.S.C. § 1513(e). (NOR, Exh. 1 [Complaint] at 4-5.)

---

[1] Plaintiff also filed a Notice of Appeal of the removal on August 14, 2012. (Dkt. No. 25.) By Order issued September 10, 2012, the United States Court of Appeals for the Ninth Circuit dismissed that appeal. (See Dkt. No. 36.)

Plaintiff's motion to remand relies primarily on the U.S. Supreme Court's decision in *Caperton v. A.T. Massey Coal Co., Inc.,* 556 U.S. 868, 884-85 (2009). That case stands for the proposition that recusal based upon due process considerations is required when "'the probability of actual bias on the part of the judge or decisionmaker is too high to be constitutionally tolerable.'" *Id.* quoting *Withrow v. Larkin,* 421 U.S. 35, 47 (1975). No recusal motion is pending. Nor does the Court find, under the circumstances presented here, a basis for recusal under the principles enunciated in *Caperton*, much less a basis for remand of the action.

## II.     Motions to Dismiss

Plaintiff may file and serve an opposition to all Defendants' motions to dismiss no later than September 27, 2012. Plaintiff is directed to file a single brief addressing all arguments, not to exceed twenty-nine pages in length. The page limit for Plaintiff's opposition is set at twenty-nine pages because Defendants' motions to dismiss do not exceed this length, in total. Federal Defendants, UAL and IAM may each submit a reply brief, none to exceed five pages, no later than seven days after the filing of Plaintiff's opposition.

Plaintiff is cautioned that if he fails to file an opposition brief by September 28, 2012, he will face dismissal of his Complaint for failure to prosecute.

The September 18, 2012 hearing date is therefore **VACATED**, and will be reset, if appropriate, once briefing is complete.

**IT IS SO ORDERED**.

Date: September 13, 2012

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**