1
2
3
4
5
6

**UNITED STATES DISTRICT COURT**

7

**NORTHERN DISTRICT OF CALIFORNIA**

8
9

ANTHONY L. WILLIAMS

**Case No.: 12-CV-3781 YGR**

10

Plaintiff,

**ORDER GRANTING MOTIONS TO DISMISS**

11

vs.

12
13

UAL, INC., *ET AL.,*

14

Defendants.

15
16      Plaintiff Anthony L. Williams ("Plaintiff") filed his complaint on June 14, 2012, in the

17  Superior Court for the State of California, County of Alameda, against Defendants Chief Judge

18  James S. Ware; Judge Claudia Wilken; Clerk of the Court Richard W. Wieking; Chief Appellate

19  Judge Alex Kozinski; Judge Eugene E. Siler; Judge Carlos T. Bey [sic]; Judge M. Margaret

20  McKeown; Judge Sidney R. Thomas; Judge Barry G. Silverman; Judge Richard R. Clifton, Judge

21
    Sidney R. Thomas; Judge Consuelo M. Callahan; Judge Mary H. Murguia; Secretary of Labor Hilda

22
    Solis; and Administrative Law Judges Wayne C. Beyer, Oliver M. Transue, Paul Igasaki, E. Cooper

23
24  Brown and Gerald Etchingham ("Federal Defendants"), Defendant UAL, Inc., ("UAL") and

25  Defendants the International Association of Machinists and Aerospace Workers ("IAM"), R. Thomas

26  Buffenbarger, Rich Delaney, and Robert Roach Jr. (collectively "the IAM Defendants").  (Notice of

27
28

*(left margin, rotated)* United States District Court  Northern District of California

United States District Court
Northern District of California

Removal, Dkt. No. 1, Exh. 1.)  The Federal Defendants removed the action by Notice of Removal filed July 18, 2012.  (*Id.*)

Presently before the Court are three motions to dismiss.  Defendant United States filed a motion to substitute and to dismiss the amended complaint on July 26, 2012.  (Dkt. No. 11.) Defendant UAL and Defendants the IAM Defendants also filed motions to dismiss.  (Dkt. Nos. 6 and 14 respectively.)

Having carefully considered the papers submitted and the pleadings in this action, and for the reasons set forth below, the Court hereby **GRANTS** the Motions to Dismiss **WITHOUT LEAVE TO AMEND**.

## BACKGROUND

### A.   PLAINTIFF'S COMPLAINT AND PRIOR LITIGATION

Plaintiff brings this action alleging claims arising from the termination of his employment with UAL in 2003.  Plaintiff was employed by UAL, working under a collective bargaining agreement between UAL and IAM.  Plaintiff alleges that, on May 8, 2003, he was ordered into the offices of "the former Oakland maintenance Center Committeeman" and "immediately set upon for a [planned] assault."  (Complaint at 43:6-8.)  He called the Alameda County Sheriff to report the assault.  (*Id.* at 43:9-11.)  Subsequently UAL officials, "with the IAM in attendance" told Plaintiff he was being terminated.  (*Id.* at 43:17-21.).  He was told that "[w]e are not firing you for assaulting Javier Lectora.  We cannot prove this.  We are firing you for bringing the police on Company property, and not allowing Oakland Management to take care of the situation."  (*Id.*)  He further alleges that the union conspired with UAL to terminate him and abandoned representation of him, knowing that he had sent a "Letter of Concern to the FAA." (*Id.* at 44:12-15.)

United States District Court
Northern District of California

Plaintiff appealed the termination decision through the internal grievance procedure. An internal union-management grievance committee upheld the decision, and UAL officially terminated Plaintiff in October 2003. (Complaint, Exh U 5:18-21.)

On September 8, 2004, more than a year after his termination, Plaintiff filed a complaint against UAL and his former manager Ron King ("King") in the federal district court, alleging retaliatory discrimination under the Whistleblower Protection Program of the Wendell H. Ford Aviation Investment and Reform Act for the 21st Century, 49 U.S.C. section 42121 ("WPP"), and common law claims for intentional infliction of emotional distress, intentional misrepresentation and negligent misrepresentation (*Williams v. United Airlines, et al.,* N.D. Cal. Case No. 04-cv-3787 CW). The district court in that action granted the motion of UAL and King for summary judgment on the WPP claim and dismissal of failure to state a claim on the state tort claims. Plaintiff appealed that ruling to the Ninth Circuit Court of Appeals, which affirmed the summary judgment and order of dismissal. *Williams v. United Airlines, Inc.*, 500 F.3d 1019, 1021-25 (9th Cir. 2007).

In 2008, Plaintiff filed a complaint against UAL with the United States Department of Labor.[1] A Department of Labor Administrative Law Judge ("ALJ") recommended dismissal of Plaintiff's complaint because he filed his claim more than ninety days after the filing deadline for such claims. On September 21, 2009, the Administrative Review Board ("ARB" or "Board") affirmed the ALJ. *Williams v. United Airlines*, ARB No. 08-063, ALJ No. 2008- AIR-003 (ARB Sept. 21, 2009). The Board also denied reconsideration. *Williams v. United Airlines*, ARB No. 08-063, ALJ No. 2008- AIR-003 (ARB June 23, 2010). Plaintiff appealed the Board's decision to the Federal Circuit, which found that it did not have jurisdiction to review the decision and transferred the case to the Ninth Circuit. *Williams v. U.S. Dept. of Labor*, 370 Fed. Appx. 97, 97-98 (Fed. Cir.

---

[1] This portion of the procedural history is drawn, in part, from the district court's order in *Williams v. Department of Labor*, N.D. Cal. Case No. 11-cv-6653 CW, 2012 WL 1536338 (N.D. Cal. May 1, 2012).

2010).  In August 2011, the Ninth Circuit determined that it had jurisdiction and affirmed the Board's denial of Plaintiff's claim.  *Williams v. U.S. Dept. of Labor*, 447 F. App'x 853, 854 (9th Cir. 2011).

In December 2011, Plaintiff sued the Department of Labor based upon the handling of his administrative complaint.  On May 1, 2012, the district court granted the Department of Labor's motion to dismiss that action.  *Williams v. U.S. Dept. of Labor*, Case No. 11-cv-6653 CW, 2012 WL 1536338 (N.D. Cal. May 1, 2012).

## B.    PROCEDURAL HISTORY OF THIS ACTION

Plaintiff filed the instant action in the state court on June 14, 2012.  The Federal Defendants filed their Notice of Removal on July 18, 2012.  All defendants filed motions to dismiss and Plaintiff filed a Motion for Remand.

On September 13, 2012, this Court issued its order denying Plaintiff's Motion for Remand and setting a further briefing schedule on the pending motions to dismiss.  (Dkt. No. 38.)  In that Order, the Court noted that Plaintiff's appeal of the removal had been dismissed by the United States Court of Appeals for the Ninth Circuit by Order issued August 14, 2012.  (*See* Dkt. No. 36.)  The September 13, 2012 Order required Plaintiff to file an opposition brief no later than September 28, 2012.  (*Id.* at 4.)

On September 21, 2012, Plaintiff submitted a document entitled "A Verified Complaint for Declaratory and Injunctive Relief and Damages From Racketeering, Conspiracy to Engage in a Pattern of Racketeering Activity, Judicial Discrimination and Misconduct Including Obstruction of Justice, Violates of the Equal Employment Act of 1991; Title VII of the Civil Rights Act of 1964, the Equal Access to Justice Act of 1980, Statute Nullification in Violation of the Tenth Amendment; and Related Claims. . . Plaintiff's Reply to Court; A Motion to Remand/and Opposition to Dismiss Dated

United States District Court
Northern District of California

4

by Court: Sept. 13, 2012." (Dkt. No. 41.)  Defendants filed their respective replies on October 17, 2012, (Dkt. Nos. 42, 44, 46) and Plaintiff filed a sur-reply on October 25, 2012.  (Dkt. No. 47.) [2]

### STANDARDS APPLICABLE TO THESE MOTIONS

A motion to dismiss under Rule 12(b)(6) tests for the legal sufficiency of the claims alleged in the complaint.  *Ileto v. Glock. Inc.*, 349 F.3d 1191, 1199-1200 (9th Cir. 2003).  Review is generally limited to the contents of the complaint.  *Allarcom Pay Television. Ltd. v. Gen. Instrument Corp.,* 69 F.3d 381, 385 (9th Cir. 1995).  All allegations of material fact are taken as true.  *Erickson v. Pardus,* 551 U.S. 89, 93, 94 (2007).  However, legally conclusory statements not supported by actual factual allegations need not be accepted.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) ("*Iqbal*").

A complaint should not be dismissed under Rule 12(b)(6) "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 45–46.  "So long as the Plaintiff alleges facts to support a theory that is not facially implausible, the court's skepticism is best reserved for later stages of the proceeding when the Plaintiff's case can be rejected on evidentiary grounds." *Balderas v. Countywide Bank,* 664 F .3d 787, 790 (9th Cir. 2009).  Nevertheless, "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief," dismissal is appropriate.  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007) ("*Twombly*").  Thus, a motion to dismiss will be granted if the complaint does not proffer enough facts to state a claim for relief that is plausible or actionable on its face.  *See id.* at 558-59.

---

[2]   The document appearing at Docket No. 41, Plaintiff's opposition to the motions to dismiss, was mailed directly to chambers and, due to a clerical error, was not recognized immediately as a new filing, resulting in a delay in its entry on the electronic docketing system until October 10, 2012.  Defendants contend that their replies were timely filed, as they did not receive notice of the opposition until the document was entered on ECF.  Plaintiff's October 25, 2012 filing objects to the replies as untimely, in addition to making substantive arguments on the merits of the motions.  (Dkt. No. 47.)  In the interests of justice and judicial efficiency, the Court deems the replies to have been filed timely and has considered the additional substantive arguments raised in Plaintiff's unauthorized October 25 filing in reaching this ruling.

United States District Court
Northern District of California

**DISCUSSION**

Plaintiff's complaint generally alleges that Defendants engaged in a conspiracy to terminate him from his employment for improper reasons and to uphold that termination through the various legal challenges he has made over the past several years.  Plaintiff's legal theories primarily rely on the Racketeer Influenced Corrupt Organizations Act, 18 U.S.C. § 1961 et seq. ("RICO") and the Sarbanes-Oxley Act, 18 U.S.C. § 1514A, ("SOX") as amended by the Dodd-Frank Wall Street Reform and Consumer Protection Act of 2010.[3]

**A.      FEDERAL DEFENDANTS**

**1.      Judicial Immunity**

"[J]udicial immunity is an immunity from suit, not just from ultimate assessment of damages."  *Mireles v. Waco*, 502 U.S. 9, 11 (1991); *see also Stump v. Sparkman*, 435 U.S. 349 356-57 (1978).  "Accordingly, judicial immunity is not overcome by allegations of bad faith or malice." *Mireles,* 502 U.S. at 11.  An act is considered "judicial" when it is a function normally performed by a judge and the parties dealt with the judge in a judicial capacity.  *Stump*, 435 U.S. at 362. Allegations of conspiracy do not defeat such immunity. *Ashelman v. Pope*, 793 F.2d 1072, 1078 (9th Cir. 1986).  Plaintiff's claims against judges of the Ninth Circuit and District Court are all directly related to actions they took in performing their normal functions in a judicial capacity.  (Complaint at 44-58.)

Likewise, the matters alleged against Defendant Wieking, Clerk of the Court, are also protected by absolute quasi-judicial immunity.  Court personnel have absolute quasi-judicial immunity when they perform tasks that are an integral part of the judicial process. *Moore v. Brewster*, 96 F.3d 1240, 1244 (9th Cir. 1996); *Samuel v. Michaud*, 980 F. Supp. 1381, 1403 (D.

---

[3]  Plaintiff's allegations mention Title VII of the Civil Rights Act of 1964, the Equal Employment Act of 1991; the Equal Access to Justice Act of 1980, and other authorities.  However, the focus of the allegations appears to be RICO and SOX and alleged predicate acts thereunder.

United States District Court
Northern District of California

United States District Court
Northern District of California

Idaho 1996) *aff'd*, 129 F.3d 127 (9th Cir. 1997); *In re Castillo*, 297 F.3d 940, 952 (9th Cir. 2002). Here the allegations against Defendant Wieking are all actions that are part of the judicial function. (Complaint at 48-49.)

Accordingly, Defendants Kozinski, Siler, Bey (sic), McKeown, Thomas, Silverman, Clifton, Thomas, Callahan, and Murguia, Ware, Wieking and Wilken are **DISMISSED WITHOUT LEAVE TO AMEND**.

### 2.  Claims Against Department of Labor Employees

The doctrine of *res judicata* bars a plaintiff from bringing a claim under any "grounds for recovery which could have been asserted, whether they were or not, in a prior suit between the same parties (or their privies) on the same cause of action, if the prior suit concluded in a final judgment on the merits rendered by a court of competent jurisdiction." *Ross v. Int'l Bhd. of Elec. Workers*, 634 F.2d 453, 457 (9th Cir. 1980); s*ee also Owens v. Kaiser Found. Health Plan, Inc*., 244 F.3d 708, 713 (9th Cir. 2001).

The claims against defendants Solis, Beyer, Transue, Igasaki, Brown and Etchingham here allege that these employees conspired and wrongly denied Plaintiff's administrative claims against UAL.  (Complaint at 57-70.)  Plaintiff previously litigated claims complaining of the same conduct against the Department of Labor.  Those claims were rejected by the district court in a final judgment.  Thus, the motion here must be granted and the claims against Defendants Solis, Beyer, Transue, Igasaki, Brown and Etchingham are **DISMISSED WITHOUT LEAVE TO AMEND**.[4]

---

[4] The Federal Defendants also move to dismiss under Rule 12(b)(1) of the Federal Rules of Civil Procedure for lack of subject matter jurisdiction on the grounds that Plaintiff's damage claims could only be brought against the United States, not individual federal defendants acting in their official capacities, and are subject to dismissal on sovereign immunity grounds.  The Court does not reach this argument given Plaintiff's failure to allege a basis for relief against the Federal Defendants otherwise.

**B.      DEFENDANT UAL**

Plaintiff's employment was terminated in 2003.  He alleges no actions by UAL since that time giving rise to his claims.  Instead, Plaintiff's claims are little more than generalized allegations that UAL engaged in racketeering activity in violation of RICO and SOX.  (Complaint at 40-41.)  Any suit under SOX (as amended by Dodd-Frank) must be filed within 180 days of the actions giving rise to the claim. 18 U.S.C. § 1514A(b)(2)(D).  An action under the civil RICO statute must be filed within four years of the actions giving rise to the claim.  *Agency Holding Corp. v. Malley-Duff & Associates, Inc.,* 483 U.S. 143, 156 (1987) (establishing four year statute of limitations).

Because Plaintiff has not alleged facts sufficient to establish a claim for relief and does not appear able to state a claim that is not otherwise time-barred, UAL's motion to dismiss is **GRANTED WITHOUT LEAVE TO AMEND**.

**C.      CLAIMS AGAINST THE IAM DEFENDANTS**

Plaintiff alleges claims against IAM and the individual IAM defendants arising out of his termination and the arbitration hearing that affirmed that termination.  (*See* Complaint at 41-44.)  His allegations against these defendants are that they did not represent him fairly in connection with his grievance arising from that termination.  Both federal labor law and the federal statutory duty of fair representation completely preempt Plaintiff's claims.  *See Hawaiian Airlines, Inc. v. Norris*, 512 U.S. 246, 253, 260 (1994) (disputes arising out of terms of collective bargaining agreement are preempted by Railway Labor Act ["RLA"], and preemption analysis is  "virtually identical" to the pre-emption standard in cases involving § 301 of the LMRA); *see also Adkins v. Mireles,* 526 F.3d 531 540-42 (9th Cir. 2008) (§ 301 preempted claims for breach of contract, fraud, intentional infliction of emotional distress and RICO).  Regardless of whether such claims are framed as a violation of

United States District Court
Northern District of California

another state law or of a federal law, such as RICO, they are preempted. *Adkins,* 526 F.3d at 542; *Saridakis v. United Airlines,* 166 F.3d 1272 (9th Cir. 1999).[5]

Claims of breach of a duty of fair representation are subject to a six-month statute of limitations. *See DelCostello v. Teamsters,* 462 U.S. 151 (1983) (duty of fair representation claims under the Labor Management Relations Act, section 301, are governed by six-month statute of limitations); *Lea v. Republic Airlines,* 903 F.2d 624, 633 (9th Cir. 1990) (applying six-month statute of limitations to duty of fair representation claims under analogous provisions of the RLA.)  The statute of limitations begins to run when the plaintiff knows or should know of the union's alleged wrongdoing. *Stone v. Writers Guild of America,* 101 F.3d 1312, 1314 (9th Cir. 1996).  Even if Plaintiff's claims were construed to fall outside the duty of fair representation framework, as stated above, the longest statute of limitations in play (the RICO limitations period) is four years.

Here, the statute of limitations on Plaintiff's claims began running no later than his termination in 2003.  He makes no allegations of any subsequent acts or occurrences that would change the triggering event for statute of limitations purposes.  To the contrary, his allegations focus on the May 2003 altercation between himself and other union members, and his subsequent termination notice and arbitration confirming the termination.  (Complaint at 43-44.)[6]  Moreover, the history of Plaintiff's litigation prior to the instant action demonstrate that Plaintiff was aware of the acts giving rise to his complaint no later than the 2004 filing of his original action against UAL for retaliatory discharge.  As a result, regardless of which statute of limitations applies to Plaintiff's claims, they are time-barred.

---

[5]  Further, to the extent that Plaintiff is attempting to state a claim based upon SOX against the union, that statute applies only to publicly traded companies, not to labor unions.  18 U.S.C. § 1514A.

[6]  Indeed, Plaintiff stated in his response to the motions that it was not the IAM Defendants but a completely different union that was responsible for his representation by the time of his grievance hearing. (Plaintiff's Response, Dkt No. 41, at 12:11-13.)

Finally, federal law is well-established that claims against individual union officers for breach of the duty of fair representation are not permitted.  *See Atkinson v. Sinclair Refining Co.,* 370 U.S. 238, 245-49 (1962); *Evangelista v. Inlandboatmen's Union of Pac.,* 777 F.2d 1390, 1400 (9th Cir. 1985); *Peterson v. Kennedy,* 771 F.2d 1244, 1257-58 (9th Cir. 1985).  Thus the claims against Defendants Buffenbarger, Delaney, and Roach are barred as well.

As a result, the IAM Defendants' Motion to Dismiss is **GRANTED WITHOUT LEAVE TO AMEND**.

## CONCLUSION

The Motions to Dismiss of the Federal Defendants, UAL, and the IAM Defendants are **GRANTED**.  As no amendment could cure the above deficiencies in the complaint, no leave to amend is granted.

This Order terminates Docket Nos. 6, 11, and 14.

**IT IS SO ORDERED**.
**Date: December 13, 2012**

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**

United States District Court
Northern District of California

10