FILED

DEC 31 2013

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ANTHONY L. WILLIAMS,<br><br>       Plaintiff - Appellant,<br><br>   v.<br><br>UAL, INC.; et al.,<br><br>       Defendants - Appellees. | No. 13-15299<br><br>D.C. No. 4:12-cv-03781-YGR<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Northern District of California
Yvonne Gonzalez Rogers, District Judge, Presiding

Submitted December 17, 2013[**]

Before:    GOODWIN, WALLACE, and GRABER, Circuit Judges.

Anthony L. Williams appeals pro se from the district court's judgment dismissing his employment action arising from his termination and his prior legal challenges to his termination. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Knievel v. ESPN*, 393 F.3d 1068, 1072 (9th Cir. 2005). We may

---

   [*]   This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

   [**]   The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

affirm on any ground supported by the record, *Thompson v. Paul*, 547 F.3d 1055, 1058-59 (9th Cir. 2008), and we affirm.

The district court properly dismissed Williams's claims against various federal circuit and district judges and the clerk of the court on the basis of judicial and quasi-judicial immunity. See *Simmons v. Sacramento Cnty. Superior Court*, 318 F.3d 1156, 1161 (9th Cir. 2003) (judges are absolutely immune for their judicial acts); *Mullis v. U.S. Bankr. Court*, 828 F.2d 1385, 1390 (9th Cir. 1987) ("Court clerks have absolute quasi-judicial immunity from damages . . . when they perform tasks that are an integral part of the judicial process.").

The district court properly dismissed Williams's claims against UAL, Inc. and the International Association of Machinists and Aerospace Workers defendants as time-barred. See 18 U.S.C. § 1514A(b)(2)(D) (setting forth 180-day statute of limitation under Sarbanes-Oxley Act); *Agency Holding Corp. v. Malley-Duff & Assocs., Inc.*, 483 U.S. 143, 156 (1987) (establishing four-year statute of limitations under civil Racketeer Influenced Corrupt Organizations Act); *Lea v. Republic Airlines, Inc.*, 903 F.2d 624, 633 (9th Cir. 1990) (six-month statute of limitations applies to fair representation claims under the Railway Labor Act).

The district court lacked subject matter jurisdiction over Williams's claims against the Department of Labor ("DOL") defendants because Williams alleged

that the DOL improperly denied his complaint under the Whistleblower Protection Provision of the Wendell H. Ford Aviation Investment and Reform Act for the 21st Century, and jurisdiction to review the DOL's decision is vested in the Court of Appeals.  *See* 49 U.S.C. § 42121(b)(4)(A); *see also Williams v. U.S. Dep't of Labor*, 447 F. App'x 853, 854 (9th Cir. 2011) (sustaining the DOL's denial of Williams's complaint as untimely).  Morever, the DOL administrative law judges are protected by quasi-judicial immunity.  *See Hirsh v. Justices of the Supreme Court*, 67 F.3d 708, 715 (9th Cir. 1995) (per curiam) ("Administrative law judges . . . are entitled to quasi-judicial immunity so long as they perform functions similar to judges . . . in a setting like that of a court.").

    We reject Williams's contention that he has been denied due process.

    We do not consider matters not specifically and distinctly raised and argued in the opening brief.  *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009) (per curiam).

    **AFFIRMED.**